IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CARVER, on behalf of himself and all others similarly situated, Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 09-1044 |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., Defendants. | ) ) ) ) ) | |

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, on behalf of itself and all others similarly situated, Plaintiffs, | ) ) ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 09-1101 |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., Defendants. | ) ) ) ) ) | |

| | | |
|---|---|---|
| HEALTH PLAN OF MICHIGAN, on behalf of itself and all others similarly situated, Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 09-1108 |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., Defendants. | ) ) ) ) ) | |

ELIZABETH P. GILMORE, on          )
behalf of herself and all         )
others similarly situated,        )
         Plaintiffs,              )
                                  )
         v.                       )   Civil Action No. 09-1364
                                  )
BOEHRINGER INGELHEIM              )
INTERNATIONAL GMBH and            )
BOEHRINGER INGELHEIM              )
PHARMACEUTICALS, INC.,            )
         Defendants.              )


VIVIAN BRANCHOFSKY, on            )
behalf of herself and all         )
others similarly situated,        )
         Plaintiffs,              )
                                  )
         v.                       )   Civil Action No. 09-1365
                                  )
BOEHRINGER INGELHEIM              )
INTERNATIONAL GMBH and            )
BOEHRINGER INGELHEIM              )
PHARMACEUTICALS, INC.,            )
         Defendants.              )

## CASE MANAGEMENT ORDER NO. 1 RE: END PAYORS

         AND NOW, this 3ʳᵈ day of November, 2009, upon consideration
of the proposals and presentations of the plaintiffs in Civil
Action Nos. 09-1044, 09-1101, 09-1108, 09-1364, and 09-1365
(hereinafter "End-Payor Plaintiffs") at the initial conference held
in these matters on October 19, 2009, IT IS HEREBY ORDERED AS
FOLLOWS:

   I.    **AMENDED MOTION TO CONSOLIDATE**

         1.   Upon consideration of the End-Payor Plaintiffs'

2

Motion to Consolidate [doc. no. 40 at Civil Action 09-1044], IT IS HEREBY ORDERED THAT the motion is GRANTED and Civil Action Nos. 09-1101, 09-1108, 09-1364, and 09-1365 are consolidated pursuant to Fed.R.Civ.P. 42(a) for all purposes, including trial, with Civil Action No. 09-1044, the lead case captioned above (hereinafter "Consolidated End-Payor Class Action"). A notation shall be made on the dockets of Civil Action Nos. 09-1101, 09-1108, 09-1364, and 09-1365 of the entry of this Order. The Clerk of Court shall mark Civil Action Nos. 09-1101, 09-1108, 09-1364, and 09-1365 administratively closed.

2. A Master Docket and a Master File is hereby established for the Consolidated End-Payor Class Action at Civil Action No. 09-1044. All papers hereafter filed in the Consolidated End-Payor Class Action shall bear a caption in the following form:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| In Re: MIRAPEX END-PAYOR ANTITRUST LITIGATION | ) ) | Civil Action No. 09-1044 |
|---|---|---|
| THIS DOCUMENT RELATES TO: | ) ) | [DOCUMENT TITLE] |
| ALL ACTIONS | ) ) | Hon. Gary L. Lancaster, Chief Judge |

3. Each attorney for each and every Plaintiff and Defendant in each action composing the Consolidated End-Payor Class Actions shall sign up for ECF notification in the Consolidated End-Payor Class Action within five (5) days of the entry of this Order. The Parties shall file and serve all papers in accordance

3

with the ECF Procedures of this Court, unless papers are filed under seal.

## II.   MOTION FOR LEAVE TO FILE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

4.   Upon consideration of The End-Payor Plaintiffs' Motion for Leave to File a Consolidated Class Action Complaint, [doc. no. 41 at Civil Action No. 09-1044], IT IS HEREBY FURTHER ORDERED THAT the motion is GRANTED.   Plaintiffs shall file the amended complaint on or before November 6, 2009.

5.   Defendants' pleading in response to the End-Payor Plaintiffs' Consolidated Class Action Complaint shall be filed on or before December 21, 2009.

## II.   ORGANIZATION OF PLAINTIFFS' COUNSEL

6.   To act on behalf of plaintiffs with responsibilities as set forth in paragraph 7, infra, the court designates:

a.   As Liaison Counsel:

Alfred G. Yates, Jr.
Gerald L. Rutledge
Law Office of Alfred G. Yates, Jr., PC
519 Allegheny Building
429 Forbes Ave.
Pittsburgh, PA   15219

b.   Pursuant to Fed.R.Civ.P. 23(g)(3), the court designates as Interim Co-Lead Class Counsel:

Joseph J. Tabacco, Jr.
Todd Seaver
Berman Devaliero

4

425 California Street, Suite 2100
San Francisco, CA  94104-2205

Marvin A. Miller
Lori A. Fanning
Miller Law, LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL  60603

Paul F. Novak
Anne Fornecker
Milberg LLP
One Pennsylvania Plaza
New York, NY  10119-0165

Renae Steiner
Vince Esades
Heins Mills & Olson, PLC
310 Clifton Ave.
Minneapolis, MN  55403

c.   Reimbursement

If agreement cannot be reached on a method for periodically reimbursing attorneys for expenses incurred and paying them for services rendered as Interim Co-Lead Class Counsel or Liaison Counsel, the matter will be presented to the court for resolution.

d.   Time Records

Counsel who anticipate seeking an award of attorneys' fees from the court shall comply with the directives contained in paragraph 7, _infra_, regarding the maintenance of contemporaneous records reflecting the services performed and the expenses incurred.

7.   Responsibilities of Designated Counsel

a.   Liaison Counsel

5

Liaison Counsel is charged with performing on behalf of all plaintiffs administrative matters such as communications between the court and other counsel (including receiving and distributing notices, orders, motions and briefs), advising parties of developments in the case and otherwise assisting in the coordination of activities and positions. Liaison counsel shall also maintain and distribute to co-counsel and defendants' counsel an up-to-date service list.

b.   Interim Co-Lead Class Counsel

Interim Co-Lead Class counsel shall have authority, after consultation with co-counsel as appropriate, over the following matters on behalf of all plaintiffs in the Direct Purchasers' Class Action:   (1)   convening and conducting meetings of plaintiffs' counsel, including, to update and consult with them regarding the administration and prosecution of the Direct Purchasers' Class Action;   (2)   the initiation, response, scheduling, briefing and argument of all motions;   (3)   the scope, order and conduct of all discovery proceedings;   (4)   making such work assignments among themselves and other counsel as they may deem appropriate;   (5) collecting time and expense reports from all plaintiffs' counsel on a periodic basis;   (6) the selection and retention of experts;   (7) designating attorneys to appear at hearings and conferences with the court;   (8)   the timing and substance of any settlement negotiations with defendants, as well as the decision whether or

6

not to settle on behalf of the putative class;    (9)    the determination, allocation and distribution of attorneys' fees and reimbursement of costs between and among themselves and other counsel for plaintiffs in the Direct Purchasers' Class Action;  and (10)    all matters concerning the prosecution of the Direct Purchasers' Class Action, including strategy and division of labor.

      c.  Privilege

      No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

      8.    Authority of Interim Co-Lead Class Counsel
           and Liaison Counsel

      Interim Co-Lead Class Counsel and Liaison Counsel shall have sole authority to communicate with defendants' counsel and the court on behalf of all plaintiffs in the Direct Purchasers' Class Action.  Defendants' counsel may rely on all agreements made with Interim Co-Lead Class Counsel and Liaison Counsel in the Direct Purchasers' Class Action, and such agreements shall be binding on all plaintiffs and their counsel in those respective actions.

    **IV.  LATER FILED CASES**

      9.    The    terms    of    this    order,    including pretrial consolidation, shall apply automatically to actions filed against defendants which are instituted in, removed to, or transferred to this court, including cases transferred for pretrial purposes under 28 U.S.C. § 1407, that allege violations of the Sherman Act, 15

U.S.C. §§ 1-2, the Clayton Act, 15 U.S.C. § 26, state antitrust laws and state consumer protection laws (hereinafter "Future Actions").  The Clerk of Courts shall, on his own initiative or upon notification by counsel:  (a)  make an appropriate entry in the Master Docket; and (b) deliver a copy of this Case Management Order No. 1 to the attorneys for the plaintiffs in the Future Action, and note same in the docket of the Future Action.

10.  Objections to such consolidation, or other terms of this order, shall promptly be filed, with a copy served on Liaison Counsel for plaintiffs and defendants.

BY THE COURT,

_____, Chief J.

cc:  All Counsel of Record